# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Paul Mebane Day,<br>    Petitioner,<br><br>v.<br><br>Director, Virginia Dep't of Corrections,<br>    Respondent. | 1:16cv192 (LMB/JFA) |

## MEMORANDUM OPINION

Paul Mebane Day, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of grand larceny in the Circuit Court of Southampton County. Before this Court is the respondent's Motion to Dismiss this petition.

### I. Background

Day was charged with a single count of grand larceny for his participation in the theft of a piece of farm equipment. Case No. CR13000148; Resp. Ex. A, Pet. for Appeal at 2-5. Following a joint bench trial with two codefendants on March 20, 2014, Day was found guilty, and at a hearing on August 14, 2014 he received a sentence of ten (10) years incarceration with seven (7) years suspended.

Day prosecuted a direct appeal, raising the sole claim that the evidence was insufficient to sustain the conviction because it "failed to establish [he] intended to permanently deprive the owner of his property." The Court of Appeals of Virginia denied the petition for appeal on April 15, 2015. Day v. Commonwealth, R. No. 1980-14-1 (Va. Ct. App. Apr. 15, 2015); Resp. Ex. A. On November 17, 2015, the Supreme Court of Virginia refused Day's petition for further review.

Day v. Commonwealth, R. No. 150745 (Va. Nov. 17, 2015); Resp. Ex. A.

Day filed no state habeas corpus petition. Instead, he turned to the federal forum and timely filed this application for relief pursuant to 28 U.S.C. § 2254, raising the following claims:

1. He was not in control of the truck. [Codefendant] Julian Lee Perry was the driver, and he was an innocent bystander. He did not have custody or control of the item in the trailer, and the prosecutor could not prove that he intended to permanently deprive the owner of the property. He had no knowledge that a crime was taking place.

2. He was denied due process when the trial judge denied the motion to dismiss the charge, because the Commonwealth could not prove his intent or participation in the crime, even as a lookout.

3. He had no knowledge of the crime, he was only trying to get a ride to the store. He was denied the right to testify.

4. He was denied his right to confront witnesses and to tell his side.

Respondent filed a Motion to Dismiss and a supporting brief on June 10, 2016, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Petitioner responded in the form of a letter, and respondent replied. (Dkt. No. 31-32). Accordingly, this matter is now ripe for disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997).

In the brief supporting the Motion to Dismiss this petition, respondent argued that claims 3 and 4, in which petitioner alleged violation of his rights to testify and to confront his accusers, are procedurally defaulted from federal review because they have not been exhausted before the Supreme Court of Virginia and would be procedurally barred under state law if petitioner were to attempt to exhaust them now. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). Respondent noted, however, that the claims could receive federal review if petitioner could demonstrate cause and prejudice for their default. Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990); see Resp. Brief at 4- 6.

In his letter/response to the Motion to Dismiss, petitioner argued in relevant part that the default of claims 3 and 4 was caused by ineffective assistance of counsel. Dkt. No. 31. By an Order dated June 21, 2016, petitioner was informed that in federal jurisprudence, an allegation of ineffective assistance must itself have been exhausted as an independent claim before it can supply the basis to excuse a procedural default. Swisher v. True, 325 F.3d 225, 231 (4th Cir.), cert. denied, 539 U.S. 971 (2003). In this case, since petitioner had not pursued an action for a writ of habeas corpus in the Virginia courts and still could have done so in a timely fashion, he

was allowed twenty-one days within which to elect whether he wished to voluntarily dismiss this federal petition without prejudice and return to the state courts to litigate his ineffective assistance of counsel claims in a state habeas corpus action, and then to return to the federal forum to pursue his claims for federal relief, including his argument that he received ineffective assistance of counsel. Alternately, petitioner was informed that he could proceed with the petition as filed, with the understanding that his allegations of ineffective assistance of counsel were unexhausted and would not be reviewed on the merits. Dkt. No. 33. On June 22, 2016, petitioner addressed a letter to the Court stating that he wished to "withdraw those issues he wants me to withdraw so I can still proceed with my petition." Dkt. No. 35. Accordingly, as claims 3 and 4 of this petition are simultaneously unexhausted and defaulted, and petitioner has withdrawn them, they will be dismissed with prejudice.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In both of his federally-cognizable claims, petitioner asserts that the evidence was insufficient to sustain his conviction. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

When petitioner challenged the sufficiency of the evidence on direct appeal, the Court of Appeals found no merit to his argument:

> [T]he evidence proved that on December 3, 2012, Neil Drake observed appellant and four other men loading equipment onto a trailer on Drake's family's property. Drake stopped and called the police. He noticed one of the men looking in his direction. The man, Julian Perry, spoke to the others. All the men then looked towards Drake but continued loading equipment before getting into the vehicle and driving towards him. Drake blocked the exit and told the men to wait. One of them said, "let's go," and they drove around Drake's vehicle. Perry was driving. Drake followed while speaking to the police. The police arrived and stopped the truck. Drake testified he had not given the men permission to remove any items from his property. Drake's father's "bush hog" mower was on the trailer.
>
> During the course of the ensuing investigation, the police discovered that earlier that day appellant had sold another mower belonging to Drake's father. Appellant's co-defendants denied knowing the property was stolen and claimed they had been led there by one of their companions who ran off when Drake arrived.
>
> \* \* \*
>
> The trial court rejected appellant's evidence that he did not participate in the thefts. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The record supports the trial court's conclusion. The evidence demonstrated appellant was directly involved in the crime. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny.

Day v. Commonwealth, R. No. 1980-14-1, slip op. at 1-2. Because the Supreme Court of Virginia refused further review of the foregoing opinion without explanation, the reasoning of the Court of Appeals is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

6

The Virginia courts' analysis reflects a reasonable determination of the facts. Testimony at trial revealed that petitioner sold a piece of farm equipment called a Cruster 3500 for scrap on December 3, 2012; the equipment had belonged to Raymond Drake. (Tr. at 71-73, 90). Later that same day, petitioner and two other men put a bush hog mower Drake had owned for several years onto a trailer attached to a pickup truck. (Tr. at 89). The three men were caught in the act of stealing the mower by Drake's adult son Neil, they ignored Neil's demand to stop, and they drove around his vehicle through a ditch to leave the property with the mower. (Tr. at 22-23). Neil followed and called the police, and the police stopped the truck with the stolen mower on the trailer. (Tr. at 23-24, 56). At trial, petitioner's brother testified that there had been no intent to steal the equipment; rather, he had been mislead by a man named Dre who claimed to have been given permission to take the Cruster 3500 and sell it for scrap as payment he was owed. (Tr. at 124-26, 130, 132, 160-61). As for the bush hog, petitioner and the other men only wanted to use it, and they did not know a crime was being committed until they were pulled over by the police. (Tr. at 127, 158-59, 178-79, 196). Although petitioner did not testify at trial, at sentencing he echoed his brother's contentions that he had no intent to steal the equipment but rather erroneously believed that the other men had been given permission to take it for scrap. (Sent. Tr. at 10) The trial court, as the fact finder, rejected the defense witnesses' contentions and concluded that petitioner and his cohorts were stealing the equipment with the intent to permanently deprive the owner of it. (Tr. at 229-330)

It is not the role of a federal court on habeas review to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998). Instead, a federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719

F.2d 701, 704 (4th Cir. 1983). Here, then, accepting the trial court's determination that the defense witnesses' testimony was not credible, a trier of fact considering the evidence presented could have made a rational decision to convict that petitioner of grand larceny.[1] Accordingly, the Virginia courts' rejection of petitioner's claim that the evidence did not support the conviction was factually reasonable and in accord with applicable federal principles, Herrera, 506 U.S. at 402, and the same result is compelled here. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 6th day of October 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[1] Under Virginia law, larceny is defined as "the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Nelson v. Commonwealth, 12 Va. App. 268, 270, 403 S.E.2d 384, 386 (1991). "The crime of larceny is complete when a defendant with the requisite intent to permanently deprive takes possession of property without the consent of the owner and moves that property from the exact spot it occupied prior to the defendant's conduct." Welch v. Commonwealth, 15 Va. App. 518, 522, 425 S.E.2d 101, 104 (1992).